IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,835-01






EX PARTE HECTOR ROLANDO MEDINA








ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NO. W07-32923-S(A) IN THE 282ND JUDICIAL DISTRICT COURT


DALLAS COUNTY





 Per Curiam. Johnson, J., filed a dissenting statement in which Price, J.,
joins.



O R D E R



 We have before us a post conviction application for writ of habeas corpus filed
pursuant to the provisions of Texas Code of Criminal Procedure article 11.071.

 In October 2008, a jury convicted applicant of the offense of capital murder. The jury
answered the special issues submitted pursuant to Texas Code of Criminal Procedure article
37.071, and the trial court, accordingly, set punishment at death. This Court affirmed


applicant's conviction and sentence on direct appeal. Medina v. State, No. AP-76,036 (Tex.
Crim. App. Jan. 12, 2011)(not designated for publication).

 Applicant presents ten allegations in his application in which he challenges the
validity of his conviction and resulting sentence. However, applicant may have failed in his
pleadings to state specific, particularized facts which, if proven true, would entitle him to
habeas relief. See Ex parte Staley, 160 S.W.3d 56, 63 (Tex. Crim. App. 2005). Accordingly,
the State filed a motion to dismiss the application, and the trial court issued an order that, in
effect, recommends that this Court dismiss the application.

 Before this Court rules on this application, it has determined that it wants to invite
briefing from the trial judge hearing the case and the parties on the following issues:

 1. Do any of applicant's allegations sufficiently allege specific facts, which if
proven true, would entitle him to habeas relief, thus requiring further
proceedings in the trial court?


 2. What statute or other legal authority supports the State's motion to dismiss and
the trial court's recommendation to dismiss the writ application?


 3. Is a dismissal consistent with current caselaw in this type of situation?


 4. What are the consequences to this defendant and to past, present, and future
Article 11.071 writ applications and Article 11.07 writ applications if this
Court: (1) appoints new counsel under Article 11.071, § 4A, and allows
applicant to file a new application; (2) dismisses the application in accord with
the State's motion; or (3) denies relief on the application? 


 5. Under the circumstances of this case, what other alternatives are available
under Article 11.071 to ensure that an applicant obtains a "full and fair
opportunity" to have his legal claims reviewed by this Court?



The judge and the parties shall file their respective briefs in this Court on these issues and
any other matters they deem relevant to this case within 45 days of the date of this order.

 IT IS SO ORDERED THIS THE 1st DAY OF JULY, 2011.


Do Not Publish